# IN THE NORTHERN DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, <br><br> Plaintiffs, <br><br> v. <br><br> ULTIMATE MECHANICAL CONCEPTS, INC., an Illinois Corporation, and BRIAN HARRIS, individually, and DAVID BARKER, individually, <br><br> Defendant. | No. 11 C 1497 <br><br> Judge Castillo <br><br> Magistrate Cox |

## **MOTION FOR JUDGMENT IN SUM CERTAIN**

Plaintiffs, by one of their attorneys, DONALD D. SCHWARTZ, ANDREW S. PIGOTT and ARNOLD AND KADJAN, pursuant to F.R.C.P. 55, respectfully request this Honorable Court to enter a Judgment in sum certain in favor of Plaintiffs and against Defendants, ULTIMATE MECHANICAL, INC., an Illinois Corporation, and BRIAN HARRIS and DAVID BARKER, individually.

In support thereof, Plaintiffs state:

1. This case was filed on March 3, 2011.

2. This Court administratively dismissed the Complaint and ordered Defendants to submit to an audit on March 4, 2011. The Court further ordered Plaintiffs to proceed to serve Defendants with the Complaint, and commanded Defendants to, then, answer or otherwise plead.

3. Plaintiffs served Defendant, ULTIMATE MECHANICAL, with Summons and

Complaint on March 8, 2011.

4. Plaintiffs served Defendant, BRIAN HARRIS, with Summons and Complaint on March 30, 2011.

5. Plaintiffs served Defendant, DAVID BARKER, with Summons and Complaint on March 31, 2011.

6. In excess of 20 days passed after Service of Process as to each Defendant, but no Defendant has answered or otherwise plead.

7. Leading up to and since this Court's March 4, 2011 administrative dismissal, Defendants have declined to communicate with Plaintiffs' counsel or other persons involved in this litigation, such as the adjuster handling Plaintiffs' claim against the bond held by Defendant, ULTIMATE MECHANICAL. As a result of this breakdown in communication, and the fact that successful completion of an audit will require Defendants' cooperation, there does not appear to be a reason to delay entry of a judgment in the amount known to be due, prior to the completion of an audit.

8. Per affidavit of Robert Niksa, Fund Administrator for Plaintiff's Funds, the Defendant currently owes the Funds at least $9,562.43. See Ex. A.

9. Per the affidavit of Andrew S. Pigott, attorney for Plaintiffs, $3,077.00 in legal fees and expenses have been incurred in attempting to collect the amounts owed by Defendant. See Ex. B.

**WHEREFORE**, Plaintiffs pray for:

1. Judgment to be rendered in the amount of $12,639.43.

2. This Court to retain jurisdiction to enforce the judgment.

Respectfully submitted,

**TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, LOCAL 501, et al.**

By: s/ Andrew S. Pigott
      One of their Attorneys

Donald D. Schwartz
Andrew S. Pigott
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415